OPINION OF THE COURT
Edgar G. Walker, J.
Defendant City of New York has moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) or in the alternative grant the defendant summary judgment, pursuant to CPLR 3212.
*935 Infant plaintiff, a student at Evander Childs High School, in the Bronx, commenced this action sounding in negligence after being slashed in the face with a sharp object by two fellow students, on January 9, 2003. The crux of defendant’s motion is that the City of New York is not a proper party to this action. Defendant argues that any alleged tort liability stemming from the incident lies with the “Department/Board of Education—a separate and distinct legal entity from the City of New York.” However, defendant offers no statutory authority identifying any entity known as the “Department/Board of Education.” In fact, the Department of Education and the Board of Education are distinct entities. By referring to Department/Board of Education, defendant elides the very issue raised by this motion.
In 2002, the Education Law was amended so as to radically restructure the governance of the school district of the City of New York. (L 2002, ch 91.) The legislation, in order to provide for greater mayoral control of the schools, effected a wholesale transfer of power from the Board of Education to a chancellor, hired by and serving at the pleasure of the mayor. The Board of Education’s only remaining powers relate to citywide educational policy issues. (Education Law §§ 2554, 2590-g, 2590-h, as amended by L 2002, ch 91; see also Mem in Support, NY Assembly, and Mem of Legis Representative of City of NY, 2002 McKinney’s Session Laws of NY, at 1716-1719.)
Significantly, the Department of Education is nowhere mentioned in the legislation and has no independent legal status. Rather, the Department of Education is a mayoral agency, just as are all the other city departments, with its chancellor, rather than its commissioner, answerable to the mayor.
Prior to the enactment of Laws of 2002 (ch 91), the powers and duties of the New York City Board of Education to operate and control the schools were set forth in Education Law § 2554. That section was amended by Laws of 2002 (ch 91, §§ 2-4), stripping from the city board of the City of New York the powers granted to other city school boards. Those powers were explicitly transferred to the chancellor by Laws of 2002 (ch 91, § 12, amending Education Law § 2590-h [17]).
Education Law § 2590-g cannot be more clear: “The board shall exercise no executive power and perform no executive or administrative functions. Nothing herein contained shall *936 be construed to require or authorize the day-to-day supervision or the administration of the operations of any school within the city school district of the city of New York.” Thus, while the Board of Education continues to exist (denominated in its bylaws as the Panel for Educational Policy), its former powers and duties are exercised by the mayor through his or her employee, the chancellor. Furthermore, the only power granted to the Board with respect to litigation, contained in Education Law § 2590-g (6), is to “[a]pprove litigation settlements only when such settlements would significantly impact the provision of educational services or programming within the district.” (Emphasis added.) It is not argued or alleged that the outcome of this action would have any impact on the provision of educational services or programming.
In addition to having no executive or administrative powers, the Board of Education has no offices and no staff. (Education Law § 2590-b [1] [a].) The court is left to wonder where and on whom one serves an entity which by law has no offices and no staff. More importantly, assuming that, in the appropriate circumstances, the Board of Education/Panel for Educational Policy may be sued, what is the liability of an entity which has no executive power, performs no administrative functions and is not authorized to supervise or administer the operations of any school within the city school district of the City of New York? Given its limited power, authority, and functions, what did the Board/Panel do or fail to do in this case? What ability did it have to prevent the plaintiff’s injuries?
The cases cited by defendant in support of its position were commenced prior to the enactment of Laws of 2002 (ch 91), except for Gonzalez v Esparza (2003 WL 21834970, 2003 US Dist LEXIS 13711 [SD NY, Aug. 6, 2003]), which is neither binding nor persuasive authority for this court.
To the extent that section 521 (b) of the New York City Charter, which predates the 2002 amendments, may conflict with the Education Law, the provisions of the Education Law are controlling. (Municipal Home Rule Law §§ 10, 11 [1] [c].)
There is no doubt that prior to the enactment of Laws of 2002 (ch 91), defendant would be entitled to the relief sought. (See Goldes v City of New York, 19 AD3d 448 [2005] [a recent case where the Court was applying the pre-2002 Education Law].) However, in light of the wholesale transfer of power and *937 responsibility from the Board of Education to the mayor, the City may not now shield itself from liability by claiming that the Board of Education is the responsible party. Defendant’s motion is denied in its entirety.