■ Jaime Perez, an Infant, by His Mother and Natural Guardian, Nancy Torres, et al., Respondents, v City of New York, Appellant. [837 NYS2d 571]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered November 3, 2005, which denied defendant's cross motion to dismiss the complaint for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment, unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from a purported order, same court and Justice, entered September 13, 2005, unanimously dismissed, without costs or disbursements, as taken from a nonappealable paper.

Plaintiffs commenced this action to recover for personal injuries allegedly sustained by the infant plaintiff as a result of a slashing on January 9, 2003 by fellow students at Evander Childs High School. After serving a notice of claim upon the City of New York and the New York City Department of Educa-

tion on or about April 5, 2003, plaintiffs commenced this action on March 8, 2004, naming only the City as a defendant.

In response to plaintiffs' motion for an order directing defendant to comply with discovery, defendant cross-moved for an order dismissing the complaint, or alternatively, for summary judgment, urging that the City was not a proper party to the action and that plaintiffs should have named as a defendant the "Department/Board of Education—a 'separate and distinct legal entity' from the City." In denying dismissal, the court concluded that "in light of the wholesale transfer of power and responsibility from the Board of Education to the Mayor, the City may not now shield itself from liability by claiming that the Board of Education is the responsible party."

While the 2002 amendments to the Education Law (L 2002, ch 91) providing for greater mayoral control significantly limited the power of the Board of Education (*see* Assembly Mem in Support, 2002 McKinney's Session Laws of NY, at 1716-1717), the City and the Board remain separate legal entities (*Gonzalez v Esparza*, 2003 WL 21834970, *2, 2003 US Dist LEXIS 13711, *5 [SD NY 2003] [changes in statutory scheme regarding interplay between Board and City best described as "political"]; *see also Gold v City of New York*, 80 AD2d 138, 140 [1981]). The legislative changes do not abrogate the statutory scheme for bringing lawsuits arising out of torts allegedly committed by the Board and its employees, and the City cannot be held liable for those alleged torts (*see Gonzalez*, 2003 WL 21834970 at *2, 2003 US Dist LEXIS 13711 at *5). "It is a cardinal principle of statutory interpretation that the intention to change a long-established rule or principle is not to be imputed to the legislature in the absence of a clear manifestation" (*Matter of Delmar Box Co. [Aetna Ins. Co.]*, 309 NY 60, 66 [1955]). Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ. [*See* 9 Misc 3d 934.]