06-3627-cv
XIMINES v. GEORGE WINGATE HIGH SCHOOL

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted: January 31, 2008                    Decided: February 20, 2008)

Docket No. 06-3627-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ENID XIMINES,

            Plaintiff-Appellant,

      - v -

GEORGE WINGATE HIGH SCHOOL and NEW
YORK CITY DEPARTMENT OF EDUCATION,

            Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:        POOLER and LIVINGSTON, Circuit Judges, and KAPLAN, District Judge.[*]

            Plaintiff appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*), which dismissed her complaint under the Age Discrimination in Employment Act and state and city law alleging, *inter alia*, failure to promote and retaliation. Affirmed in part, vacated and remanded in part.

---

[*]
            The Honorable Lewis A. Kaplan, Judge of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM.

Plaintiff Enid Ximines is a mathematics teacher at George Wingate High School who sought promotion to an assistant principal position. She was passed over for interim appointments. She then was interviewed for appointment to the permanent position, but the job went to someone else. She was in her mid-50s at the time of the events in question and brings this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-34 ("ADEA"), and state and city law, claiming, *inter alia*, that the failure to promote her reflected unlawful age discrimination.

In a memorandum and order dated July 25, 2006, the district court granted in part and denied in part a motion by plaintiff for leave to amend the complaint and granted in its entirety a defense motion for judgment on the pleadings dismissing the complaint.

We have considered carefully all of plaintiff's arguments and, with one exception, concluded that they are without merit. We write here only to address that exception and to raise our concern that the plaintiff has not sued the proper defendant, a matter that should be addressed on remand.

I

In order to explain the basis of our difference with the district court, it is necessary to describe certain of the allegations of both the original and proposed amended complaints and some of the procedural history.

*A.        The Relevant Allegations and Proceedings Below*

We accept the complaint's factual allegations as true when reviewing a motion for judgment on the pleadings.

Plaintiff learned toward the end of 2002 that the assistant principal of the mathematics department at George Wingate High School would retire during the 2003 spring term. Plaintiff asked the principal, Herbert Hogan, if she could fill the position. Her request was ignored, and two younger men were coached to fill the job. Both of those individuals, however, left Wingate. In August 2003, plaintiff again asked Mr. Hogan for the job. He responded "that the school needed a 'vibrant' person" and later told plaintiff that she had not been selected. A younger person was appointed to fill the job on an interim basis. The complaint did not allege that plaintiff improperly

had been denied the permanent appointment that was made in or about September 2004.

The complaint did assert that plaintiff had filed a charge with the EEOC on September 15, 2004, and the charge was a matter of considerable attention below. The charge as prepared by plaintiff generally recounted the foregoing and, in addition, stated that plaintiff had interviewed in June 2004 for the permanent position and that she had learned in September 2004 that someone else had been appointed. Thus, it referred to the permanent filling of the job. Significantly, however, the portion of the narrative describing the fact that plaintiff had been passed over for the permanent appointment appeared only on the last page of a typewritten supplement to the charge form. It is undisputed that this final page was not part of the charge found in the EEOC file nor of the copy forwarded to defendants by the EEOC. Thus, it is undisputed that, for whatever reason, the defendants did not receive this page.

Defendants moved for judgment on the pleadings dismissing the original complaint. Plaintiff countered with a motion for leave to amend the complaint in a number of respects. Insofar as is relevant here, the proposed amendment sought to assert that plaintiff learned in September 2004 that she had not been given the permanent appointment and that this was a product of age discrimination.

The district court denied leave to amend in this respect on the ground that the amendment would have been futile.[1] Although the district court acknowledged that plaintiff had presented to the EEOC and the defendants the fact that she had been invited to interview and had interviewed for the permanent position, she never had presented the allegation that she was denied the promotion. Accordingly, in the district court's view, plaintiff had "failed to fulfill a precondition to bringing the claim in federal court" and dismissed it.

*B.*       *Discussion*

---

[1] The district court stated in its overall discussion of the motion for leave to amend that allowing plaintiff to amend the complaint to include the events of September 2004 would have prejudiced defendants. In Section III of the court's opinion, however, dealing specifically with the failure to promote claim discussed here, the district court's analysis clearly reflects its conclusion that a grant of leave to amend would have been futile because any claim based on the events of 2004 had not properly been presented to the EEOC and therefore was procedurally barred. As prejudice does not appear to have been the actual basis of the district court's decision with regard to this claim, we do not address it.

Before bringing a suit under the ADEA, a plaintiff must file a timely complaint with the EEOC. 29 U.S.C. § 626(d); *Dezaio v. Port Authority of NY and NJ*, 205 F.3d 62, 64-65 (2d Cir. 2000). In an action in which this procedural requirement has been satisfied, the plaintiff may raise any claim that is "reasonably related" to those asserted in the EEOC filing. *Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir. 1994).

Here, the claim that plaintiff was passed over for promotion in September 2004 on the basis of her age was not in the EEOC Charge of Discrimination as it was sent to the defendants. Accordingly, the court below properly could have entertained that claim only if it was reasonably related to those asserted in the charge.

"This Circuit has recognized that '[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.' *Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation marks omitted). In this inquiry, 'the focus should be "on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving."' *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)). The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination on both bases.' *Id.* at 202. The 'reasonably related' exception to the exhaustion requirement '"is essentially an allowance of loose pleading" and is based on the recognition that "EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering."' *Id.* at 201 (quoting *Butts*, 990 F.2d at 1402) (alteration in original)." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (footnote omitted).

In this case, plaintiff's Charge of Discrimination, even without the final page, made clear that she complained of age discrimination in several efforts to secure promotion to assistant principal. It referred also to the June 2004 interview for the permanent opening. Moreover, the charge found in the EEOC file readily reveals that a page or more concerning that particular attempt to gain promotion was missing from the document. In consequence, even absent the last page, the charge gave the EEOC adequate notice to investigate the plaintiff's grievance concerning the September 2004 promotion. We therefore hold that the EEOC charge was sufficient to permit

plaintiff to pursue an ADEA claim with respect to the September 2004 failure to promote.[2] Accordingly, the denial of leave to amend, insofar as it was based on the district court's conclusion that plaintiff's EEOC charge did not include the September 2004 failure to promote, was erroneous.[3]

II

Plaintiff brought this action against George Wingate High School and the New York City Department of Education (the "Department"). The district court held, and plaintiff does not now dispute, that George Wingate High School is not a suable entity. It held also, on the strength of *Perez ex rel. Torres v. City of New York*, 9 Misc.3d 934, 936-37, 804 N.Y.S.2d 632, 634 (N.Y. Sup. Ct. Bronx Co. 2005), that, in light of the 2002 reorganization of the New York City Schools, the Department rather than the New York City Board of Education (the "Board"), was the correct defendant. Subsequent to the judgment below, however, the Appellate Division reversed *Perez*. *Perez ex rel. Torres v. City of New York*, 41 A.D.3d 378, 837 N.Y.S.2d 571 (1st Dept. 2007). It held that the reorganization neither affected the distinct legal identities of the Board and the City of New York nor "abrogate[d] the statutory scheme for bringing lawsuits arising out of torts allegedly committed by the Board and its employees." *Id.* at 378, 837 N.Y.S.2d at 572.

We understand that the Board, following the 2002 reorganization, adopted a by-law that purported to change its name to the Panel for Educational Policy and to create something called the New York City Department of Education, which it defined to include the Panel and "the Chancellor, superintendents, community school boards, principals, and school leadership teams." http://schools.nyc.gov/NR/rdonlyres/FC481D23-6161-4BCA-A8BF-E0E4F569D9AA/1076/By_Laws.pdf; *see also Nacipucha v. City of New York*, No. 0014395/2005 (PAV), 2008 WL 60089, at *2 (N.Y. Sup. Ct. Bronx Co. Jan. 3, 2008). We leave it to the district court on remand to determine whether the Board, by amending its by-laws, (a) effectively created

[2] The district court denied leave to amend to assert claims with respect to this incident under state and city statutes on the ground that amendment in that respect would have been futile in light of plaintiff's failure to comply with the applicable notice of claim statute. We agree.

[3] The district court did not reach the question whether the original complaint sufficiently alleged such a claim or whether the claim as asserted in the proposed amended complaint relates back to the date of the original pleading so as to be timely. We therefore express no opinion on these questions.

an entity called the New York City Department of Education and, if so, whether that entity is a subdivision of the Board as opposed to a department of the City of New York, and (b) invested any such entity with the capacity to be sued. In this regard, we note that departments of the City of New York typically, perhaps uniformly, have been created by the City Charter, which does not create a New York City Department of Education. *See, e.g.*, N.Y.C. CHARTER §§ 391 (law), 431, subd. a (police), 481 (fire), 531 (parks and recreation), 551, subd. a (health and mental hygiene). In any case, Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued. *See, e.g.*, *Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007).

The judgment of the district court is AFFIRMED in all respects save that it is VACATED to the extent that it denied leave to amend to assert plaintiff's claim that she was not promoted in or about September 2004 to the permanent position of assistant principal in violation of the ADEA and the matter is REMANDED for further proceedings consistent with this opinion. Should the district court conclude that plaintiff has not sued a proper defendant, we assume that it would grant leave to amend to correct this defect in parties.