**Ishvarbhai AMIN, Plaintiff–Appellant,**

v.

**AKZO NOBEL CHEMICALS, INC.,
Defendant–Appellee.**

No. 06–5166.

United States Court of Appeals,
Second Circuit.

July 22, 2008.

Barry D. Haberman, New City, N.Y., for Appellant.

Laurie Berke–Weiss, Berke–Weiss & Pechman, N.Y., N.Y., for Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff Ishvarbhai Amin appeals from a judgment of the United States District Court for the Southern District of New York, Stephen C. Robinson, *Judge,* dismissing Amin's claims against his former employer, defendant Akzo Nobel Chemicals, Inc. ("Akzo"), for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* Amin, who was born in India and is a naturalized U.S. citizen, alleged that Akzo terminated his employment in 2001 on the basis of his national origin and/or his age ("discriminatory-discharge" claims), (2) that because of his national origin, he had been denied promotions ("failure-to-promote" claim), (3) that he had been paid less than other similarly situated employees on the basis of his national origin ("salary-discrimination" claim), and (4) that his employment was terminated in retaliation for his complaints about Akzo's discriminatory practices ("retaliatory-discharge" claim).

The district court granted summary judgment dismissing Amin's claims of discriminatory discharge on the ground that, assuming that Amin adduced sufficient evidence to make out a prima facie case, Akzo had come forward with legitimate nondiscriminatory reasons for the discharge and Amin did not point to evidence sufficient to rebut those reasons. The court granted summary judgment dismissing Amin's claims of failure-to-promote, salary discrimination, and retaliatory discharge on the ground that Amin had failed to exhaust his administrative remedies with respect to those claims; the court concluded that dismissal of the failure-to-promote claim was also appropriate on the ground that Amin had not made out a prima facie case because he did not show that he had applied for promotions during the relevant time period.

On appeal, Amin contends that the district court erred in dismissing his claims for lack of exhaustion, arguing that that defense was waived because Akzo did not properly raise the exhaustion issue; and he contends that summary judgment could not properly be granted against him because there were genuine issues of material fact to be tried. Finding no merit in Amin's contentions with regard to his claims of discriminatory discharge, failure-to-promote, and salary discrimination, we affirm the dismissals of those claims substantially for the reasons set forth in Judge Robinson's Memorandum Decision and Order dated September 28, 2006. With respect to Amin's claim of retaliatory discharge, we vacate and remand for further proceedings for the reasons that follow. The parties' familiarity with the record is presumed.

*Exhaustion of the Retaliatory–Discharge Claim*

Before bringing a suit under Title VII, a plaintiff must exhaust his administrative remedies by, *inter alia,* filing a timely charging document with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. §§ 2000e–5(e) and (f); *see also, e.g., Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994). The plaintiff may then assert in a timely civil action "any claim that is 'reasonably related' to those asserted in the EEOC filing." *Ximines v. George Wingate High School,*

516 F.3d 156, 158 (2d Cir.2008) (citing *Cornwell v. Robinson*, 23 F.3d at 706). A claim is considered reasonably related to conduct complained of in the EEOC charge if, for instance, it "would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination." *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir.2002). In essence, the "reasonably related" standard means that "[l]oose pleading is permitted before the EEOC." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir.2005) (internal quotation marks omitted).

■ Amin's EEOC charge consisted of a standard form on which he had checked boxes indicating that he was the victim of employment discrimination on the basis of age, religion, and national origin; the form was accompanied by Amin's affidavit alleging that his employment by Akzo had been terminated for those reasons. An EEOC investigation into Amin's allegations would involve a review of Akzo's stated reasons for discharging Amin. Relevant evidence would include Amin's annual performance reviews, attached to some of which are documents in which Amin complained that Akzo had engaged in discriminatory practices that would violate Title VII. Thus, the EEOC investigation into Amin's claims that he was discharged on the basis of his national origin, *inter alia*, would reasonably be expected to assess whether his complaints to Akzo of discrimination on that basis played a role in Akzo's decision to discharge him. Accordingly, we conclude that, under the "[l]oose pleading . . . before the EEOC" standard, Amin's retaliatory-discharge claim was sufficiently exhausted.

*The Merits of the Retaliatory–Discharge Claim*

We also conclude that the record, viewed in the light most favorable to Amin, with all permissible inferences drawn in his favor, *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Singh v. City of New York*, 524 F.3d 361, 366 (2d Cir.2008); *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir.2005), reveals genuine issues of material fact to be tried with respect to Amin's retaliatory-discharge claim.

■ Under the familiar "burden-shifting" framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which we use in analyzing a retaliatory-discharge claim, *see, e.g., Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 94 (2d Cir.), *cert. denied*, 534 U.S. 951, 122 S.Ct. 348, 151 L.Ed.2d 263 (2001), the employee must first present sufficient evidence to make out a prima facie case by showing (1) that he "was engaged in protected activity; [ (2) ] that the employer was aware of that activity; [ (3) ] that the employee suffered adverse employment decisions; and [ (4) ] that there was a causal connection between the protected activity and the adverse employment action," *Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir.2002) (internal quotation marks omitted). Informal complaints to management as to discrimination on a basis prohibited by Title VII are protected activity. *See, e.g., Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir.2000). In addition, such complaints are protected activity "even when the underlying conduct complained of *was not in fact unlawful* 'so long as [the plaintiff] can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law.'" *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir.2002) (quoting *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir.1999)) (emphasis ours).

■ Once a plaintiff has made out his prima facie case, the burden shifts to the defendant to proffer some legitimate, non-retaliatory reason for the discharge. *See, e.g., Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 768 (2d Cir.1998). If the defendant proffers such a reason, then the burden shifts back to the plaintiff to demonstrate by competent evidence that the defendant's reason was "merely a pretext for retaliation." *Id.* at 769 (internal quotation marks omitted). The ultimate burden is on the plaintiff to show that the employment decision of which he complains "was more likely than not motivated, in whole or in part," by unlawful reasons. *Howley v. Town of Stratford,* 217 F.3d 141, 150 (2d Cir.2000).

■ In the present case, we conclude that the record, taken in the light most favorable to Amin, is sufficient to show a prima facie case of retaliatory discharge. It includes evidence in the form of written complaints by Amin, affidavits and deposition testimony from Akzo officers and/or supervisors, and notes of their meetings with Amin, that may be viewed as indicating the following: that Amin complained to Akzo management in writing in 1999 about "discrimination," "cultural ladders," and "racism"; that shortly thereafter an Akzo Human Resources officer met with Amin and told him to stop writing complaints; that at some point one of Amin's supervisors also told Amin to stop making complaints; that Amin in several documents he submitted to management in 2000 reiterated his earlier complaints; that another of Amin's supervisors stated that Amin was complaining to him about "discrimination ... on what seemed to be a weekly basis"; that during a July 2001 performance review, Amin reiterated his continuing complaints about unfair salary and lack of promotion; and that in August 2001, Akzo decided to terminate Amin's employment.

■ In sum, (1) Amin repeatedly complained about "discrimination" and "racism" in Akzo's employment practices; (2) he was instructed to stop making such complaints; (3) he nevertheless persisted in making such complaints; and (4) Akzo decided to fire him shortly after one such complaint. Although Akzo has proffered legitimate, non-retaliatory reasons for discharging Amin, to wit, that Amin had a history of insubordinate behavior and difficulty in working effectively with others, we conclude that the record, taken in the light most favorable to Amin, contains sufficient evidence to support a finding that Akzo's stated reasons are, at least in part, pretextual.

The jury, of course, will not be required to view the evidence in the light most favorable to Amin, and it may find that his discharge was not retaliatory but was instead based solely on lawful reasons. The resolution of that factual issue, however, is within the province of the factfinder. On this record viewed, as it must be in the context of a motion for summary judgment, in the light most favorable to Amin, his claim of retaliatory discharge is not susceptible to dismissal as a matter of law.

We have considered all of Amin's contentions on this appeal and, except as indicated above, have found them to be without merit. So much of the judgment as dismissed Amin's claim for retaliatory discharge is vacated, and the matter is remanded for further proceedings with respect to that claim. In all other respects, the judgment of the district court is affirmed.

No costs.