■ CHRISTOPHER FLORES et al., Appellants, v CITY OF NEW YORK, Respondent. [878 NYS2d 728]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 8, 2008, which, in this action for personal injuries sustained when infant plaintiff fell against a hot radiator inside a school, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was appropriate since defendant is not a proper party to the action. As we have held, the 2002 amendments to the Education Law (L 2002, ch 91) do not provide a basis to hold defendant liable for the personal injuries sustained by the infant plaintiff (*see Corzino v City of New York*, 56 AD3d 370 [2008]; *Perez v City of New York*, 41 AD3d 378 [2007], *lv denied* 10 NY3d 708 [2008]).

The record fails to support plaintiffs' contention that defendant should be equitably estopped from claiming it is not the proper party defendant. Although defendant's answer to the complaint admitted owning the school building, it also, inter alia, denied plaintiffs' specific allegations that defendant runs or operates the Department of Education, or that it operates the New York City public school system "through the Department of Education," as well as denied that it operated, maintained, or managed the school at issue, or that it owned and operated the school "through the Department of Education." The motion court properly found that plaintiffs failed to

make the requisite showing that they changed their position to their detriment or prejudice as a result of relying upon defendant's alleged wrongful conduct (*see Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482 [2007]; *Luka v New York City Tr. Auth.*, 100 AD2d 323, 325 [1984], *affd* 63 NY2d 667 [1984]).

We have considered plaintiffs' remaining arguments, including that we reconsider our decision in *Perez*, and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.