■ MERCEDES LORENZO, Respondent, v CITY OF NEW YORK, Appellant. [894 NYS2d 876]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered February 20, 2008, which denied defendant's motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The complaint alleged that plaintiff, a teacher, fell on a stairway which was improperly maintained or repaired in the school where she was employed.

The complaint should have been dismissed because defendant is not a proper party and was not legally responsible for the maintenance and repair of the premises (see Flores v City of New York, 62 AD3d 506 [2009]; Bailey v City of New York, 55 AD3d 426 [2008]). The fact that defendant's answer did not deny its legal responsibility for the premises is not significant since it denied knowledge and information sufficient to form a belief as to the truth of the allegations concerning its responsibility for the premises, and plaintiff could not have reasonably relied on the contents of defendant's answer in choosing to assume that defendant was responsible for maintaining the premises (see Tahmisyan v City of New York, 295 AD2d 600, 601 [2002]).

Further discovery is not warranted since plaintiff presented only conjecture and speculation regarding defendant's potential liability for the allegedly defective condition of the stairway (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282 [1978]).

We have considered plaintiff's other arguments and find them meritless. Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.