■ MARIA PADILLA, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [934 NYS2d 139]—

Plaintiff, a teacher at defendant M.S. 201 Star Academy, seeks damages for injuries she allegedly suffered as a result of an assault by a student at the Academy in January 2006. Her initial notice of claim named only the City of New York as a defendant; her amended notice of claim adding the Department of Education as a defendant was untimely served (see General Municipal Law § 50-e [1] [a]). In their answer to the complaint, defendants denied the allegations of proper service of a notice of claim "except that a notice of claim was presented [and] that more than thirty days have elapsed without adjustment thereof." For the following reasons, defendants are equitably estopped to argue that plaintiff's initial notice of claim is defective (see *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]).

In November 2002, after the Education Law had been amended to increase mayoral control over education and decrease the Board of Education's power, the Office of the Corporation Counsel posted a notice in the New York Law Journal indicating that it was the "sole representative for the New York City Department or Board of Education" for service of notices of claim and process (see *Nacipucha v City of New York*, 18 Misc 3d 846, 851 [Sup Ct, Bronx County 2008]). There followed a "period of particular confusion" about notice of claim procedure (see *Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 94 n 1 [1981] [referring to confusion "incident to the transfer of operational control of municipal hospitals from the city to the Health and Hospitals Corporation"]). Understandably, a number of trial courts held that tort claims against the newly reorganized Board of Education and the newly designated Department of Education of the City of New York should be brought against the City (see *Nacipucha*, 18 Misc 3d at 852 [collecting cases]). The situation was clarified in 2007, when this Court held that the City was not a proper party to actions arising out of torts allegedly committed by the Board and its employees (see *Perez v City of New York*, 41 AD3d 378 [2007], *lv denied* 10 NY3d 708 [2008]).

In 2006, it was reasonable for plaintiff to name the City as

the only defendant in her initial notice of claim timely filed with Corporation Counsel. It was also reasonable for her to rely on defendants' answer to the complaint for the belief that she had served the proper party. While their conduct may not have risen to the level of fraud, defendants "comport[ed] [themselves] wrongfully or negligently, inducing reliance by [plaintiff]" and discouraging her from serving a timely amended notice of claim; they are therefore estopped from challenging her initial notice of claim (see Bender, 38 NY2d at 668).

By the time Perez was decided, it was too late for plaintiff to move for leave to serve a late notice of claim under General Municipal Law § 50-e (5). The most important factor that a court must consider in deciding such a motion is whether corporation counsel, which has as the "attorney" for both the City and defendants, "acquired actual knowledge of the essential facts constituting the claim within the time specified" (General Municipal Law § 50-e [5]; Matter of Allende v City of New York, 69 AD3d 931, 932 [2010]). Concur—Tom, J.P., Moskowitz, Richter and Abdus-Salaam, JJ.