■ ELIZABETH GONZALEZ, Appellant, v CITY OF NEW YORK, Respondent. [943 NYS2d 448]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 7, 2011, which granted plaintiff's motion to renew and adhered to its prior determinations granting defendant's motion to dismiss the complaint and denying plaintiff's cross motion to apply the doctrine of equitable estoppel, unanimously affirmed, without costs.

Plaintiff alleges that she was injured when she slipped and fell on an accumulation of snow and ice in a public school parking lot. Under the circumstances, the action was properly dismissed since defendant is not a proper party. The 2002 amendments to the Education Law (L 2002, ch 91), and the alleged public confusion that ensued, do not justify holding defendant liable for plaintiff's injuries (*see Bailey v City of New York*, 55 AD3d 426 [2008]; *Perez v City of New York*, 41 AD3d 378, 379 [2007], *lv denied* 10 NY3d 708 [2008]).

Contrary to plaintiff's argument, the City is not equitably estopped from claiming that it is not a proper party. In its answer, the City specifically denied plaintiff's allegations that it controlled, maintained, or managed the school premises, or had any duty to remove snow and ice from the grounds (*see Flores v City of New York*, 62 AD3d 506 [2009]). That denial should have alerted plaintiff that she had sued the wrong party, and, when the City served the answer, plaintiff had adequate time to seek leave to file a late notice of claim naming the correct defendant.

The circumstances of this case can be readily distinguished from those of *Padilla v Department of Educ. of the City of N.Y.* (90 AD3d 458 [2011]), which concerned another injury on the grounds of a City public school. In *Padilla*, we held that the doctrine of equitable estoppel barred the City from denying that it was a proper party because its answer did not alert the plaintiff that it lacked control over the school premises, but instead merely objected that the attempted service of the notice of claim was improper (90 AD3d at 458). We also found that, after the notice of claim was filed, the City's wrongful or negligent actions discouraged the plaintiff from serving a timely amended notice of claim (*id.* at 459).

We have considered plaintiff's remaining arguments and find

them unavailing. Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.