OPINION OF THE COURT
Sylvia G. Ash, J.
In this action for breach of contract, plaintiff contends that the Department of Education refused to pay for certain after school programs and services to students in the Department’s Students in Temporary Housing Program.
The Department of Education (DOE) moves to dismiss this action pursuant to CPLR 3211 (a) (1), (5) and (7). DOE contends that the notice of claim was served on the Comptroller’s Office, which is the wrong governmental entity for service on DOE, and that the action was commenced too late to comply with Education Law § 3813 (2-b).
There is no dispute that plaintiff filed a notice of claim with the Comptroller’s Office and failed to file a notice of claim with the Office of the Corporation Counsel, who is the proper representative of DOE. Plaintiff argues that the Comptroller processed the notice of claim, assigned it a tracking number, subsequently denied the claim, and at no time communicated to plaintiff that the claim needed to be directed to the Office of the Corporation Counsel. Therefore, plaintiff contends DOE should be estopped from asserting the notice of claim defense.
The facts of this case are not in dispute. On November 19, 2010, plaintiff filed its notice of claim with the Comptroller’s *760 Office, stating that plaintiff and DOE had entered into a contract on December 9, 2008, wherein plaintiff agreed to provide certain after school programs and services and DOE agreed to pay plaintiff $80,000; that plaintiff received payment in the amount of $25,000; and that on October 28, 2010, DOE refused to honor its invoice for the remaining $55,000 on the ground that the individual who signed the contract was not authorized to enter into the agreement. Plaintiff, in its notice of claim, requested that the Comptroller review the merits of its claim and authorize payment. By letter dated January 7, 2011, the Comptroller acknowledged receipt of the notice of claim and stated that the claim was under investigation. By letter dated May 20, 2011, the Comptroller denied plaintiffs claim for payment based on DOE’s assertions that plaintiff failed to provide needed documentation and to meet certain guidelines. Plaintiff then commenced this action on November 22, 2011.
The doctrine of equitable estoppel generally is not available against a governmental agency in exercise of its governmental functions. However, there is exception to this rule where the governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice. Such doctrine of estoppel can be applicable with regard to a defense based on failure to comply with the notice of claim provision of General Municipal Law (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662 [1976]). By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law do not become “a trap to catch the unwary or the ignorant” (see Bender at 668). However, it is a doctrine of very limited application (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88 [1981]) and is to be used sparingly and only in truly unusual cases (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176 [1979]).
The court finds that the case at bar is an unusual case that warrants application of the doctrine of equitable estoppel against the City. Here, the Comptroller’s action in acknowledging receipt of the notice of claim, informing plaintiff that it was conducting an investigation and denying the claim based on DOE’s version of the facts lulled plaintiff into sleeping on its rights to its detriment (see Conquest Cleaning Corp. v New York City School Constr. Auth., 279 AD2d 546 [2001]). Although the Comptroller’s initial letter dated January 7, 2011 acknowledged *761 that it received a claim against the City of New York, the Comptroller’s May 20, 2011 letter denying the claim never put plaintiff on notice that the Comptroller was dealing solely on behalf of the City of New York or that the notice of claim was improper as to any other party. In the May 20, 2011 letter, the Comptroller supported DOE’s reasons for refusal to pay the invoice (that plaintiff failed to provide needed documentation and meet certain mandated guidelines), and denied the claim without any mention of the City’s position in the dispute. All of these acts made it reasonable for the plaintiff to believe that the Comptroller’s decision to deny the claim was made for and on behalf of DOE.
The court finds that this case is similar to Padilla v Department of Educ. of the City of N.Y. (90 AD3d 458 [2011]), where the Court held that the doctrine of equitable estoppel barred the City from denying that it was a proper party because its actions failed to alert the plaintiff that it lacked control over the school premises (90 AD3d at 458). Here, while there was no intent to deliberately mislead the plaintiff, the Comptroller’s response to the claim, wrongfully or negligently, induced reliance by the plaintiff, to its detriment to believe that its notice of claim was proper and that the proper party had been served. Accordingly, DOE is estopped from asserting the notice of claim defense.
With regard to defendant’s contention that the action is time-barred by the one-year statute of limitations set forth in Education Law § 3813 (2-b), the court finds this contention to be without merit. Education Law § 3813 (2-b) limits the time for the commencement of a breach of contract action to one year after the cause arose. However, a plaintiff alleging breach of contract who complies with the notice of claim requirement has one year and 30 days after the cause of action arose to commence an action (CPLR 204 [a]; see Burgess v Long Is. R.R. Auth., 79 NY2d 777 [1991]).
The court finds that plaintiffs filing of the notice of claim with the Comptroller’s Office triggered the 30-day toll (see Barchet v New York City Tr. Auth., 20 NY2d 1, 7-8 [1967]), and as such, plaintiffs commencement of the action on November 22, 2011 was timely.
Accordingly defendant’s motion to dismiss is hereby denied.