■ ROSABEL OQUENDO, Appellant, v CITY OF NEW YORK, Respondent. [46 NYS3d 524]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about October 16, 2014, which denied plaintiff's motion to renew her estoppel arguments based upon new documentary evidence, and order, same court and Justice, entered on or about July 7, 2011, which granted plaintiff leave to renew her opposition to defendant the City of New York's motion to dismiss, and adhered to its prior decision dismissing the complaint for failing to name the Department of Education in the notice of claim and the summons and complaint, unanimously affirmed, without costs.

On January 27, 2005, plaintiff slipped and fell on snow and ice that was in Twin Park Upper School's schoolyard, which is located at 2055 Mapes Avenue, Bronx County. It is undisputed that when plaintiff served the notice of claim and the summons and compliant, she only named defendant as being responsible for her injuries. It is also undisputed that although defendant in its answer admitted that it owned the accident location, it denied that it controlled, maintained, or managed the schoolyard or had a duty to keep it free of snow and ice.

The court properly denied plaintiff's second and third motions for renewal, because the answer, which was served approximately five months before the one-year-and-90-day statute of limitation expired, admitted that defendant owned the school, but denied that defendant controlled, maintained, or managed the subject schoolyard or had a duty to keep it free of snow and ice, which was sufficient to place plaintiff on notice that she had sued the wrong party (*see Gonzalez v City of New York*, 94 AD3d 559 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]; *Lorenzo v City of New York*, 71 AD3d 458 [1st Dept 2010]). Accordingly, there is no basis to equitably estop defendant from asserting plaintiff sued the wrong party, because she could not have reasonably relied on the contents of the answer in choosing to assume, incorrectly, that defendant had a duty to maintain the schoolyard and there is no evidence that defendant induced her to forgo making a timely application for leave to serve a notice of claim upon the Department of Education (*see Flores v City of New York*, 62 AD3d 506, 506-507 [1st Dept 2009]; *Polsky v Metropolitan Transp. Auth.*, 37 AD3d 243 [1st Dept 2007]). Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.