Tirado v City of New York (2021 NY Slip Op 01564)





Tirado v City of New York


2021 NY Slip Op 01564


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 23673/17E Appeal No. 13377 Case No. 2020-03295 

[*1]Lucille Tirado, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Rickner PLLC, New York (Rob Rickner of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered January 24, 2020, which granted defendants' motion to dismiss the complaint for failure to file a timely notice of claim, unanimously affirmed, without costs.
Plaintiff failed to establish that defendants should be equitably estopped from asserting the defense that she has not complied with the General Municipal Law's notice of claim requirements, because she made no showing that the City engaged in conduct that misled or discouraged her from serving a timely notice of claim or making an application for leave to file a late notice of claim before the statute of limitations expired (see Martinez v City of New York, 104 AD3d 407, 408 [1st Dept 2013]). The record shows that defendants' answer, which was served when plaintiff still had adequate time to seek leave to file a late notice of claim, notified her that there had been a problem with service of the notice of claim because defendants in its answer denied that the notice of claim had been properly served (see A.A. v New York City Health & Hosps. Corp. [Jacobi Hosp. Ctr.], 189 AD3d 426, 427-428 [1st Dept 2020]; Oquendo v City of New York, 146 AD3d 480, 481 [1st Dept 2017], lv dismissed and denied 35 NY3d 985 [2020]; Gonzalez v City of New York, 94 AD3d 559, 559 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). That defendants litigated the matter, and did not move for dismissal of the complaint until after the statute of limitations expired does not establish that defendants should be estopped from asserting a statute of limitations defense (see Williams v New York City Tr. Auth., 90 AD3d 522 [1st Dept 2011]; Wollins v New York City Bd. of Educ., 8 AD3d 30, 31 [1st Dept 2004]; Rodriguez v City of New York, 169 AD2d 532, 533 [1st Dept 1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021