Santos v City of New York (2024 NY Slip Op 51636(U))

[*1]

Santos v City of New York

2024 NY Slip Op 51636(U)

Decided on December 3, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2024
Supreme Court, New York County

Stephanie Santos, Plaintiff,

against
The City of New York, THE NEW YORK CITY BOARD OF EDUCATION, SUCCESS ACADEMY CHARTER SCHOOLS, INC., EXTELL MANAGEMENT SERVICES, INC., 555 TENTH AVENUE II, LLC, 555 TENTH AVENUE LLC, INFINITY ELEVATOR COMPANY, INC., Defendant.

Index No. 155472/2019

Plaintiff- Evan Bane, Esq. 
City Defendants - Noah Yurek, Esq. 
Success Academy Charter Schools, Inc.- Rachel Nudel, Esq.

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94 were read on this motion to DISMISS.
With the instant motion the City of New York and The New York City Department of Education (collectively, "City Defendants") move, pursuant to CPLR § 3211(a)(7), to dismiss all claims and cross-claims against them by Plaintiff Stephanie Santos ("Plaintiff") . City Defendants argue that Plaintiff's allegations fail to establish a legal duty owed by the City to Plaintiff, that they did not own, control, or maintain the subject premises, and that statutory inspections conducted pursuant to the Building Code do not impose liability.
BACKGROUND AND PROCEDURAL HISTORY
Plaintiff Stephanie Santos alleges that on August 30, 2018, she sustained injuries while riding an elevator located at 555 Tenth Avenue, New York, New York. Plaintiff claims the elevator malfunctioned, causing it to "drop" between floors. The property is owned by Sol Goldman Investments LLC and houses the Success Academy Charter Schools ("Success Academy").
Plaintiff initiated this action on May 31, 2019, alleging negligence on the part of City Defendants, Success Academy, and Infinity Elevator Company, among others. City Defendants filed this motion to dismiss on August 23, 2024, arguing that they had no ownership or control over the premises or elevators and that their periodic inspections pursuant to the New York City Building Code do not confer liability.
ARGUMENTS
In support of the instant motion, City Defendants argue that the legal foundation of negligence liability rests on a defendant's ownership, control, or contractual duty to maintain the premises or instrumentality at issue. They assert that these elements are wholly absent in the current case.
First, the City contends that it has no ownership or control over the property or the elevators in question. They point to documentary evidence, including property records, which establish that the subject premises, located at 555 Tenth Avenue, are owned by Sol Goldman Investments LLC and operated, in part, by Success Academy. The maintenance and repair of the elevators were handled exclusively by Infinity Elevator Company under a contract with Success Academy. The City argues that without ownership, control, or an agreement conferring responsibility, it cannot be held liable for any alleged dangerous conditions on the premises. This principle is consistent with longstanding precedents, such as Balsam v. Delma Eng'g Corp., 139 AD2d 292 (1st Dept 1988), which emphasize that liability hinges on these connections.
Second, the City asserts that its statutory role in conducting periodic inspections of elevators, pursuant to the New York City Building Code, does not create a specific duty of care to individual plaintiffs. The purpose of these inspections is to ensure compliance with safety regulations for the public at large, not to guarantee safety for individuals. Citing Valdez v. City of New York, 18 NY3d 69 (2011), and O'Connor v. City of New York, 58 NY2d 184 (1983), the City maintains that regulatory inspections are insufficient to confer liability absent a special relationship between the municipality and Plaintiff, which has not been alleged here.
City Defendants also argue that the New York State Charter Schools Act of 1998 further underscores their lack of liability. Education Law §§ 2850—2857 establishes charter schools as independent and autonomous public schools with their own boards of trustees and employees. The Act specifically delineates that charter schools are nonprofit education corporations, distinct from the New York City Department of Education ("DOE"), and their employees are not City employees. Education Law § 2854(3) explicitly confirms this independence. Courts have consistently upheld this statutory framework, as in Perez ex rel. Torres v. City of New York, 41 AD3d 378 (1st Dept. 2007), where the Appellate Division, First Department, affirmed that the City and DOE are legally distinct entities and cannot be jointly liable for the actions of an [*2]independent charter school.
Finally, City Defendants argue that neither Plaintiff nor Success Academy has cited case law supporting the proposition that the City's periodic inspections establish a duty of care. They note that courts have consistently rejected speculative claims tying regulatory oversight to liability, as in Simons v. New York City Transit Auth. (Index No. 161541/2013) and Doe v. Intercontinental Hotels Group, PLC, 193 AD3d 410 (1st Dept 2021). City Defendants assert that, in the absence of binding precedent to the contrary, the motion to dismiss must be granted.
Plaintiff opposes the motion to dismiss, arguing that the City's presence during periodic inspections implies a duty to ensure the safe operation of the elevators. Plaintiff relies on deposition testimony from Infinity Elevator Company's representative, who indicated that City inspectors were present during compliance tests. Plaintiff contends that this involvement creates a potential nexus of control sufficient to survive a motion to dismiss.
Additionally, Plaintiff asserts that the motion is premature because the City has not been deposed to clarify its potential role in overseeing or maintaining the elevators. Plaintiff emphasizes that discovery remains incomplete, including the need to question City personnel about their inspection protocols and any relevant records maintained regarding the subject elevators. Plaintiff cites Guggenheimer v. Ginzburg, 43 NY2d 268 (1977), to argue that the court should not dismiss claims where material facts may emerge through further discovery.
Success Academy also opposes dismissal, aligning with Plaintiff's argument that the City's periodic inspections might establish a degree of control over the elevators. Success Academy highlights the testimony of Infinity's representative, who confirmed that City inspectors were present during mandatory compliance tests required by the Building Code. They argue that the presence of municipal inspectors raises questions about the City's oversight responsibilities and its potential involvement in approving the elevators for operation.
Furthermore, Success Academy contends that the City's motion is premature, given that no depositions have been conducted to explore the scope of the City's inspection practices. They argue that dismissing the City at this stage would unfairly shield it from scrutiny before the relevant facts are fully developed. Success Academy cites Rovello v. Orofino Realty Co., 40 NY2d 633 (1976), for the proposition that a motion to dismiss should not be granted where factual disputes remain unresolved.
DISCUSSION
CPLR § 3211(a)(7) permits dismissal of a complaint where the pleading fails to state a cause of action. In deciding such a motion, the court must determine whether, accepting the allegations as true and construing them liberally in favor of the plaintiff, the pleading states a legally cognizable claim (see Rovello v. Orofino Realty Co., 40 NY2d 633, 636 [1976]).
Here, Plaintiff and Success Academy assert in the first instance that City Defendants' motion to dismiss under CPLR § 3211(a)(7) is procedurally improper because it was filed after issue had been joined. They argue that such a motion should have been converted into one for summary judgment pursuant to CPLR § 3211(c). This contention misinterprets the procedural rules and the case law governing motions to dismiss for failure to state a cause of action.
Under CPLR § 3211(e), a motion to dismiss under subdivision (a)(7) may be made at any time, including after issue has been joined. The Court of Appeals in Rovello, 40 NY2d 633 (1976), specifically held that a motion to dismiss for failure to state a claim need not be converted to a motion for summary judgment where the motion relies on documentary evidence [*3]conclusively establishing that the plaintiff has no cause of action. This principle was reaffirmed by the Appellate Division, First Department, in M.D. v. Pasadena Realty Co., 300 AD2d 235 (1st Dept 2002), where the court stated that "judicial economy is not promoted by requiring the parties to try a case that is appropriate for summary disposition on the ground that it fails to state a cause of action."
City Defendants' motion is firmly grounded in CPLR § 3211(a)(7) and relies on documentary evidence, including property records and affidavits, that conclusively establish their lack of ownership, control, or maintenance responsibilities over the subject premises. The motion's procedural propriety is further supported by Guggenheimer v. Ginzburg, 43 NY2d 268 (1977), which allows documentary evidence to negate essential elements of a claim without requiring conversion to summary judgment.
The argument that this motion is procedurally improper fails for another critical reason: Plaintiff and Success Academy have not demonstrated that any additional discovery would alter the dispositive facts established by the documentary evidence. Courts have repeatedly rejected efforts to delay dismissal where the plaintiff cannot identify specific, material facts likely to emerge from discovery (Salameh v. Yarkovski, 156 AD3d 659 [2d Dept 2017]; Bernstein v. New York City Tr. Auth., 153 AD3d 897 [2d Dept 2017]). Here, City Defendants have provided uncontroverted evidence that they had no ownership or control over the property or elevators and that their statutory inspection role does not create a duty to individual plaintiffs.
Lastly, Plaintiff and Success Academy's reliance on CPLR § 3211(c) for conversion into a motion for summary judgment misunderstands the purpose of the rule. Conversion is only required when a party submits evidentiary material that raises factual disputes, which is not the case here. The evidence provided by City Defendants conclusively negates the essential elements of Plaintiff's claim, rendering further proceedings unnecessary.
Shifting focus to the merits of the case: central to this motion is the determination of whether City Defendants owed a legal duty of care to Plaintiff stemming from their statutory responsibility to inspect elevators. Resolving this issue requires a thorough examination of negligence liability principles, the statutory framework governing charter schools, and the applicable case law pertaining to municipal inspections.
Under New York law, liability for negligence requires a showing of three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damages proximately caused by the breach (Pulka v. Edelman, 40 NY2d 781 [1976]). Duty is the threshold question, and it is well-settled that such duty is generally predicated on ownership, occupancy, control, or a contractual obligation to maintain the premises or instrumentality at issue (Balsam v. Delma Eng'g Corp., 139 AD2d 292 [1st Dept 1988]).
Here, City Defendants correctly argue that they neither owned nor controlled the subject property at 555 Tenth Avenue. The documentary evidence conclusively establishes that the property is privately owned by Sol Goldman Investments LLC, and Success Academy Charter Schools independently operates its educational programs and maintains the premises. Similarly, the evidence shows that Infinity Elevator Company, under contract with Success Academy, was exclusively responsible for the maintenance and repair of the elevators. These facts, unchallenged by Plaintiff, negate any direct basis for liability against the City under traditional negligence principles.
Plaintiff's claim rests primarily on the City's statutory obligation to conduct periodic inspections of elevators under Administrative Code § 28-304.6. However, New York courts have [*4]repeatedly held that such inspections are regulatory in nature and do not create a duty of care to individual plaintiffs.
In Valdez v. City of New York, 18 NY3d 69 (2011), the Court of Appeals addressed the scope of a municipality's duty in performing statutory functions. The court emphasized that regulatory inspections are intended to promote public safety on a broad scale and do not create specific obligations to individuals absent a "special relationship" between the municipality and the plaintiff. Similarly, in O'Connor v. City of New York, 58 NY2d 184 (1983), the court rejected the argument that a municipal building inspection established liability for injuries sustained in a subsequent accident, finding that the City's duty ran to the public at large.
Here, Plaintiff's reliance on the City's role in inspecting the elevators is misplaced. The presence of City inspectors during compliance tests, as noted in deposition testimony, does not transform a regulatory function into a duty of care owed to individual users of the elevator. To hold otherwise would expose municipalities to liability for every elevator within their jurisdiction, a proposition New York courts have consistently rejected.
The statutory framework governing charter schools further supports the conclusion that City Defendants bear no liability in this matter. The New York State Charter Schools Act of 1998, codified in Education Law §§ 2850—2857, establishes charter schools as independent and autonomous public schools with their own boards of trustees and separate legal identities from the DOE. Education Law § 2854(3) explicitly provides that charter school employees are considered employees of the charter school corporation, not the City or DOE.
The independence of charter schools under the Act has been consistently affirmed by New York courts. In Perez ex rel. Torres v. City of New York, 41 AD3d 378 (1st Dept 2007), the Appellate Division, First Department, held that the City and DOE are distinct entities and cannot be held jointly liable for the actions of an independent charter school. Similarly, in Campbell v. City of New York, 203 AD2d 504 (2d Dept 1994), the court reaffirmed that the City is not vicariously liable for the negligence of employees or contractors retained by independent entities.
In this case, Success Academy's status as an independent charter school, governed by its own board and employing its own staff, underscores the absence of any direct duty owed by the City to Plaintiff. The statutory independence of charter schools precludes any imposition of liability on City Defendants for the actions or omissions of Success Academy or its contractors.
Neither Plaintiff nor Success Academy cite any case law to support their argument that periodic inspections confer a duty of care. When pressed during oral argument on December 3, 2024, to provide authority for this proposition, neither Plaintiff nor Success Academy could do so. On the contrary, the case law overwhelmingly supports dismissal of claims based on regulatory inspections. For example, in Doe v. Intercontinental Hotels Group, PLC, 193 AD3d 410 (1st Dept. 2021), the court dismissed claims against a municipality, finding that statutory inspections under the Building Code did not establish control or liability. Similarly, in Balsam, 139 AD2d 292 (1st Dept 1988), the court held that liability cannot be premised on inspections alone without evidence of ownership, operation, or direct control.
Here, the speculative nature of Plaintiff's arguments further undermines their validity. Plaintiff and Success Academy allege that the City's presence during inspections suggests control, yet they offer no evidence or legal authority to substantiate this claim. Courts have consistently rejected such speculative assertions as insufficient to withstand a motion to dismiss (Guggenheimer v. Ginzburg, 43 NY2d 268 [1977]).
Plaintiff and Success Academy argue that dismissal is premature because further discovery is necessary to explore the City's role in inspecting the elevators. However, this argument fails in light of the documentary evidence provided by City Defendants, which conclusively establishes their lack of ownership, control, or maintenance responsibilities. As the Court of Appeals noted in Rovello v. Orofino Realty Co., 40 NY2d 633 (1976), dismissal is appropriate where evidence demonstrates that the plaintiff has no cause of action, even if factual disputes remain unresolved.
Moreover, courts have held that discovery cannot be used as a fishing expedition to uncover speculative theories of liability. In Doe and Simons v. New York City Transit Auth. (Index No. 161541/2013), courts dismissed claims against municipalities before discovery was completed, finding that the plaintiffs failed to allege facts sufficient to impose liability. Here, the lack of any factual allegations or legal authority supporting Plaintiff's claims renders further discovery unnecessary.
In sum, the evidence and legal precedent overwhelmingly support the conclusion that City Defendants owed no duty of care to Plaintiff. The regulatory role of periodic inspections does not confer liability, and the statutory independence of charter schools precludes vicarious liability for the actions of Success Academy or its contractors. Accordingly, the motion to dismiss is granted. Plaintiff's claims and all cross-claims against City Defendants are dismissed with prejudice.
Consequently, it is hereby
ORDERED that the instant motion is granted, and this action is dismissed as against defendants the City of New York and Department of Education; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendants the City of New York and Department of Education, accordingly; and it is further
ORDERED that the action is severed and continued against the remaining defendants; and it is further
ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further
ORDERED that as the City of New York is no longer a party to this action, the Clerk of the Court shall reassign this action to the inventory of a non-City Part; and it is further
ORDERED that counsel for the City of New York shall serve a copy of this decision and order, with notice of entry, on Plaintiff within ten days of the date of this decision and order; and it is further
ORDERED that counsel for the City of New York shall serve a copy of this order, with notice of entry, on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) within five days from the date of this order; and it is further
ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh).
This constitutes the decision and order of the court.
DATE 12/3/2024
HASA A. KINGO, J.S.C.