■ DEBRA EVANS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered June 7, 1990, which granted respondent's motion to excuse its default in opposing petitioner's motion for leave to serve a late notice of claim and which, upon reconsideration, adhered to the court's original decision granting the late notice motion, unanimously reversed, to the extent appealed from, on the law, without costs or disbursements, and the motion for leave to serve a late notice of claim denied.

Petitioner was raped in the elevator of the apartment building in which she resided, a New York City Housing Authority project, at approximately 7:00 A.M. on September 1, 1989. A police accident report was prepared recording the incident and petitioner's removal to St. Barnabas Hospital. The report indicates that the incident occurred in the elevator when it was on the seventh floor.

Petitioner failed to file a notice of claim within the statutory 90-day period (see, General Municipal Law § 50-e [1] [a]), filing the same on February 8, 1990, 70 days after the 90-day period had expired. The notice alleged negligence in that the Authority failed to maintain door locks and to provide security to the tenants. It also alleged that the incident occurred in the elevator between the fifth and sixth floors. The application for late notice relief was supported by counsel's affirmation alleging post-incident emotional distress which interfered with petitioner's assertion of the claim, actual notice to the Authority of the underlying facts and circumstances of the claim and lack of prejudice. The IAS court granted the motion on default and, after granting reconsideration on the basis of excusable default, adhered to its earlier determination. The Authority appeals from the grant of late notice relief. We reverse.

While General Municipal Law § 50-e (5) empowers a court in evaluating a late notice of claim application to consider, inter alia, whether the public corporation acquired actual knowledge of the essential facts underlying the claim within the prescribed period, it is clear, even from a perfunctory review of the police report, that it lacks sufficient detail as to impute, in any way, knowledge of petitioner's claim to the Authority. The aided card merely states that "[a]ided entered

elev * * * and was raped. Perp fled to unknown location". Nothing in this report connects the assault with a defective lock or lack of security. Even the reported floor location of the incident varies from the present claim. It is pure speculation to suggest, as does petitioner, that the Authority has "further and more meaningful documents" bearing on the incident. Thus, petitioner has clearly failed to meet her burden of showing actual notice. *(See, Braverman v City of White Plains,* 115 AD2d 689.) Nor, as this record demonstrates, has petitioner offered a reasonable excuse for her failure to serve a timely notice of claim. In such circumstances, late filing relief should have been denied. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.