■ SHARON KIM, Appellant, v CITY OF NEW YORK et al., Respondents. [681 NYS2d 247] —Orders, Supreme Court, New York County (Salvador Collazo, J.), entered on or about August 21, 1996 and May 16, 1997, which denied petitioner's application to serve a late notice of claim, and, insofar as appealable, denied her motion to renew, unanimously affirmed, without costs.

Petitioner's motion to renew, which proffered the "Aided Report" she filed in connection with the accident, was properly

denied in the absence of a reasonable excuse for not having submitted the report on the first motion (*see, Leonard Fuchs, Inc. v Laser Processing Corp.*, 222 AD2d 280). In any event, we would affirm the denial of leave to serve a late notice of claim even if we were to consider the report. The report, which was prepared 27 days after the accident, and states that petitioner, a student at the Fashion Institute of Technology, was instructed by a teacher to move a large piece of plywood petitioner was working with from against the wall and that the plywood fell on her foot, cannot be read as giving notice of a claim that respondents were negligent in not providing petitioner with the mechanical means to move the plywood and otherwise in their supervision of petitioner's activities. Nor does it indicate, as petitioner argues, that respondents had investigated the accident (*see, Mateo v City of New York*, 245 AD2d 25; *Rodriguez v New York City Bd. of Educ.*, 190 AD2d 579, *lv dismissed and denied* 81 NY2d 1041; *see also, Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142, *affd* 78 NY2d 958). Petitioner's almost year-long delay in seeking leave to serve a late notice of claim prejudiced respondents' ability to investigate the claim, including any communications between petitioner and the teacher concerning the movement of the plywood, and it does not avail petitioner that the reason for this delay was her attorney's unexplained failure to realize that the Fashion Institute of Technology is part of the City University of New York (*see, Seif v City of New York*, 218 AD2d 595). Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.