■ SHARON WHITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [734 NYS2d 11] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about September 13, 2000, which, insofar as it is appealed from, denied defendant-appellant's motion to strike the claim of inadequate lighting from plaintiff's bill of particulars, unanimously reversed, on the law, without costs, and the motion to strike plaintiff's allegation of inadequate lighting granted. Order, same court and Justice, entered on or about November 17, 2000, which, *inter alia*, denied defendant's motion for summary judgment, unanimously affirmed, without costs.

In an action for personal injuries sustained when plaintiff slipped and fell on stairs in a building owned and operated by defendant Housing Authority, the IAS court erred in denying defendant's motion to strike plaintiff's claim of inadequate lighting from the bill of particulars. The notice of claim and the complaint alleged that plaintiff was caused to slip and fall by a foreign substance on the stairwell. The poor lighting condition was raised for the first time in plaintiff's bill of particulars, which was served over one year after the accident. Plaintiff's new allegation was not within the scope of permissible corrections to the notice of claim covered by General Municipal Law § 50-e (6). Instead, this allegation created a new theory of liability. Any amendment that creates a new theory of liability is not within the statute's purview (*Olivera v City of New York*, 270 AD2d 5, 6, citing *Steinberg v Village of Garden City*, 247 AD2d 463). Despite the fact that plaintiff's Public Housing Law § 157 testimony revealed that the lighting on the stairwell was dim, this assertion was "too vague to give defendant notice of the essential facts constituting the current claim based on inadequate lighting" (*see, Hunt v New York City Hous. Auth.*, 280 AD2d 391, 392).

We find that the IAS court properly denied defendant's motion for summary judgment since issues of fact as to notice still exist. Concur—Nardelli, J. P., Tom, Andrias, Lerner and Marlow, JJ.

■ MIDORI SHIMAMOTO, Appellant, v S&F WAREHOUSES, INC., et al., Respondents. (And a Third-Party Action.) [734 NYS2d 429] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about January 22, 2001, unanimously affirmed for the reasons stated by Gruner Gans, J., without costs or disbursements. No opinion. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.