■ VICTOR E. LOPEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [791 NYS2d 86]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 22, 2003, which struck certain allegations in the verified bill of particulars alleging acts of negligence not referred to in the original notice of claim, unanimously modified, on the law and the facts, to the extent of additionally striking what we have enumerated as the second, sixth, eighth, tenth and fifteenth allegations therein, and otherwise affirmed, without costs.

Plaintiff's April 2002 notice of claim set forth a theory of liability based on the condition of a smoke detector/alarm in the apartment he rented from defendant that allegedly failed to

alert him to a fire. In his verified bill of particulars, in January 2003, plaintiff identified what we have enumerated as the following allegations: (1) negligence, culpable conduct, carelessness and recklessness by defendant, its agents, servants and/or employees in the ownership, operation, management, maintenance, care and control of the premises, and particularly, in failing to maintain the smoke alarm in a safe and proper condition; (2) allowing, causing and permitting the existence of defective, dangerous and hazardous conditions; (3) allowing, causing and permitting the smoke detector/alarm to become unsafe, hazardous and dangerous; (4) failing to remedy this dangerous and hazardous condition for an unreasonable period of time; (5) hiring incompetent employees; (6) causing a danger, hazard, nuisance, menace and traplike condition to exist for an unreasonable period of time; (7) failing to give a sign or warning of these dangerous and hazardous conditions to persons lawfully in the apartment, particularly, plaintiff; (8) failing to provide a safe apartment; (9) failing to supply guards to prevent plaintiff from being injured; (10) failing to keep plaintiff free from injury; (11) actually causing plaintiff's injuries; (12) failing to inspect and repair the dangerous and hazardous conditions in a timely fashion so as to prevent this occurrence; (13) failing to properly inspect the device; (14) improperly repairing the device; (15) failing to comply with appropriate statutes and ordinances; (16) acting otherwise in a careless, reckless and negligent manner. The IAS court struck the fifth, seventh and ninth of these allegations.

The third, fourth, eleventh, twelfth, thirteenth, fourteenth and sixteenth of the above-listed allegations, as well as that portion of the first allegation referring to the maintenance and control of the smoke alarm, are sufficiently related to the notice of claim (*Melendez v New York City Hous. Auth.*, 294 AD2d 243 [2002]). However, the assertions raised for the first time in the bill of particulars with respect to defendant's allowing, causing and permitting the existence of defective, dangerous and hazardous conditions (allegation 2), leaving such condition unattended for an unreasonable period of time (allegation 6), failing to provide a safe apartment (allegation 8), failing to keep plaintiff free from injury (allegation 10), and failing to comply with statutes and ordinances (allegation 15), go beyond mere amplification and are instead new, distinct and independent theories of liability (*id.*; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001]). Concur—Andrias, J.P, Friedman, Marlow, Gonzalez and Catterson, JJ.