■ AMERICAN SAFETY CASUALTY INSURANCE COMPANY, Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [823 NYS2d 19]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered August 10, 2005, in an action by plaintiff surety against defendant public authority to recover proceeds of construction contracts paid by defendant to a contractor that should have been paid to plaintiff pursuant to plaintiff's indemnity agreement with the contractor, awarding plaintiff $128,834.54, plus interest, costs and disbursements, unanimously affirmed, without costs.

At the hearing to assess damages, plaintiff argued that by failing to respond to its notice to admit, defendant admitted that it owed plaintiff $128,000. Defendant responded that three years earlier, before summary judgment on the issue of liability had been granted plaintiff (16 AD3d 138 [2005]), it provided answers to interrogatories showing how much it had paid the contractor, and argued that, because plaintiff never amended its notice of claim (Public Authorities Law § 1744), which sought damages in an amount that "equals or exceeds as currently ascertained the sum of $55,000.00," plaintiff could recover no more than $55,000. The assessment court properly permitted plaintiff to amend the notice of claim and complaint to conform to the evidence, absent a showing of prejudice (see Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808 [2003]). Manifestly, there was no prejudice here, as plaintiff became aware of its full damages only because defendant provided that information years earlier. Defendant's reliance on Varsity Tr., Inc. v Board of Educ. of City of N.Y. (5 NY3d 532 [2005]) is misplaced. There, the Court of Appeals held that Education

Law § 3813 (1) required the plaintiff to file a new notice of claim for damages that continued to accrue after the action started as a result of a continuing breach of contract. Here, plaintiff's damages remained constant throughout; plaintiff was simply unaware of the amount. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.