■ Erving Van Buren, Respondent, v New York City Transit Authority et al., Appellants. [944 NYS2d 108]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered November 22, 2010, which granted plaintiff's motion for leave to amend the notice of claim and to reargue a prior order granting defendants summary judgment, and, upon reargument, denied defendants' motion for summary judgment, unanimously modified, on the law, to deny plaintiff's motion to amend his notice of claim, and otherwise affirmed, without costs.

The motion court erred in granting leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6) "since the statute only 'authorizes the correction of good faith, nonprejudicial, technical defects or omissions, not substantive changes in the theory of liability'" (*Donaldson v New York City Hous. Auth.*, 91 AD3d 550, 551 [2012], quoting *Scott v City of New York*, 40 AD3d 408, 410 [2007]). Plaintiff's proposed amendment impermissibly sought to change the theory of liability from a slip and fall on water that had accumulated inside defendants' bus through an open vent, to add the additional causative factor of the bus driver suddenly moving the bus forward before plaintiff had exited the rear doors (*see Santana v New York City Tr. Auth.*, 88 AD3d 539 [2011]; *Torres v New York City Hous. Auth.*, 261 AD2d 273 [1999], *lv denied* 93 NY2d 816 [1999]).

Nevertheless, the court properly denied summary judgment to defendants, who failed to meet their burden of demonstrating entitlement to summary judgment on plaintiff's theory of the accumulated water (*see Torres v New York City Tr. Auth.*, 79 AD3d 553 [2010]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.