| |
|:---:|
| **Jones v New York City Hous. Auth.** |
| 2025 NY Slip Op 30198(U) |
| January 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 450900/2016 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. JEANINE R. JOHNSON                    PART                52-M

                                          *Justice*

-----------------------------------------------------------------X

DONAVAN JONES,

                       Plaintiff,

              - v -

NEW YORK CITY HOUSING AUTHORITY, CITY OF NEW
YORK

                    Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450900/2016 |
| MOTION DATE | 01/29/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116

were read on this motion to/for                 JUDGMENT - SUMMARY        .

Upon the foregoing documents and oral argument heard on August 21, 2024, Defendant, New York City Housing Authority's (hereinafter "NYCHA") motion for summary judgment and dismissal of the complaint pursuant to CPLR § 3212 is denied. Additionally, Plaintiff's cross-motion to amend the Notice of Claim pursuant to GML § 50-(e)(5) and (6), *nunc pro tunc*, is granted.

To succeed on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law by demonstrating the absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown*, 27 N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824 (2014); CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to the non-moving party to establish the existence of material issues of fact which preclude judgment as a matter of law." *Jacobsen*, 22 N.Y.3d at 833. If there are no material, triable issues

of fact, summary judgment must be granted. *See Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 (1957).

GML § 50-(e)(2) requires, in relevant part, each notice of claim to "be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained." GML § 50-(e)(5) provides the framework to analysis an application for leave to serve a late notice of claim and states, in relevant part, "in determining whether to grant the extension the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim... and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." *See Gerzel v New York*, 117 AD2d 549 (1st Dept 1986). GML § 50-e(6) outlines the process to correct any mistakes, omissions, irregularities or defects made in the notice of claim and states "at any time after the service of a notice of claim and at any stage of an action or special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." *See Matter of Corwin v City of NY*, 141 AD3d 484 (1st Dept 2016).

NYCHA asserts that Plaintiff's failure to accurately identify the correct address in the Notice of Claim and direction in which he was walking during his 50-H hearing constitute untimely notice and require dismissal of the claim. Additionally, NYCHA in its opposition to

**450900/2016 JONES, DONAVAN vs. NEW YORK CITY HOUSING**
**Motion No. 002**

**Page 2 of 4**

2 of 4

Plaintiff's cross-motion to amend, contends it is prejudiced by the inability to investigate the claim because work was performed on the subject sidewalk by Defendant, The City of New York (hereinafter "the City"). Defendant, the City joins NYCHA's motion, adopting the same arguments and also argues NYCHA failed to submit to evidence that the City is solely responsible for performing any work or completed work at the subject location.

Plaintiff argues its Notice of Claim and 50-H testimony provided timely and adequate notice based upon the images produced. Plaintiff further argues that Defendant-NYCHA deliberately misread his testimony at the 50-H hearing, as the directional inquiry was in relation to a bus stop not photographed. Plaintiff seeks to amend the error in the Notice of Claim asserting the mistake was made in good faith and there is no prejudice as Defendant-NYCHA was aware of the correct location from images provided with the original Notice of Claim. Additionally, Plaintiff asserts Defendant-NYCHA only speculate investigation was inhibited and fail to provide supporting evidence thereof.

This Court finds the Defendants motion for summary judgment is denied as they failed to meet their prima facie burden. *See Friends of Thayer Lake LLC,* 27 N.Y.3d 1039; *Jacobsen,* 22 N.Y.3d at 833.This Court finds that the Plaintiff met its burden. Plaintiff demonstrated that the incorrect address in the Notice of Claim was a mistake made in good faith; Defendant-NYCHA had actual knowledge of the correct address; and there is no prejudice evident to Defendant-NYCHA. Therefore, this Court determines it provident to exercise its discretion to grant the application to amend *nunc pro tunc. See Matter of Corwin v City of NY,* 141 AD3d 484.

This constitutes the Decision and Order of the Court.

Accordingly, it is hereby,

**450900/2016   JONES, DONAVAN vs. NEW YORK CITY HOUSING**
**Motion No.  002**

Page 3 of 4

3 of 4

ORDERED that the Defendants, New York City Housing Authority and The City of New York's motion for summary judgment seeking dismissal is denied; and it is further

ORDERED that Plaintiff's cross-motion to amend the Notice of Claim *nunc pro tunc* is granted.

1/3/2025
**DATE**

JEANINE R. JOHNSON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

450900/2016   JONES, DONAVAN vs. NEW YORK CITY HOUSING
Motion No. 002

Page 4 of 4

4 of 4